IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW BARGANIER and * | |
| CAMIE BARGANIER, * | |
| * | |
| Plaintiffs, * | Case No. 1:20-CV-00151-WS-M |
| v. * | |
| * | |
| FORD MOTOR COMPANY, * | |
| SANDY SANSING FORD LINCOLN, LLC * | |
| and ARMY AVIATION FEDERAL * | |
| CREDIT UNION, FSU, * | |
| * | |
| Defendants. * | |

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION

### THEIR MOTION FOR REMAND

Come now the Plaintiffs and in reply to Defendant's ("Ford" or "Ford's") opposition to their Remand Motion (Doc. 12) state as follows:

### INTRODUCTION

This breach of warranty case involves a truck presently valued at about $46,000. Ford has offered no evidence whatsoever of the amount in controversy, other than unsupported statements. To prevail, Ford must show by a preponderance to the evidence that the amount at issue under Plaintiffs' Magnusson Moss Act claims alone exceeds $50,000, and it has not. With their Motion to Remand, the Plaintiffs offered evidence regarding the value and depreciation of the Ford truck at issue. Ford has provided no rebuttal evidence or any other evidence whatsoever.

### ARGUMENT

The "Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged [allowing] both sides [to] submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy

requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "In such a case, both sides submit proof, and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554.

Under Alabama law, "[g]enerally, when a purchaser alleges misrepresentation and does not offer to return the item purchased and rescind the sale, his measure of damages is the difference between the value of the item as represented and its actual value." *Johnny Spradlin Auto Parts, Inc. v. Cochran*, 568 So. 2d 738, 744 (Ala. 1990). The issue here, however, is not Alabama law *per se* but its application under the MMWA. The jurisdictional question turns on whether Plaintiffs' damages available under the Magnuson Moss Warranty Act ("MMWA") exceed $50,000. See *Grant v. Cavalier Mfg., Inc.*, 229 F. Supp. 2d 1332, 1334 (M.D. Ala. 2002) ("In determining the amount in controversy, courts should only look to the actual claim brought under the MMWA").

Ford concedes on page three (3) of its opposition that its removal of this case is based solely on federal question jurisdiction under the MMWA. Ford, however, takes off on a tangent at pages three (3) and four (4) of its opposition discussing damages generally under Alabama law. However, "[u]nder the Act, the court cannot consider any damages sought for the state law claims." *Stokes v. Homes*, No. 2:08-CV-806-WKW, 2009 WL 413755, at *2 (M.D. Ala. Feb. 18, 2009) In some respects, however, "[i]t is all too clear that this court must look to Alabama law in determining the damages available to plaintiffs under the Magnuson–Moss Warranty Act." *Matthews v. Fleetwood Homes of Georgia*, 92 F. Supp. 2d 1285, 1288 (S.D. Ala. 2000). The reason is that "[u]nder Alabama law, damages recoverable under a breach of warranty claim are measured by 'the difference ... between the value of the goods accepted and the value they would have had if they had been as warranted, ... plus incidental and consequential damages.'" Ala.Code § 7–2–714. *Id*. at 1288.

Ford cites in support of remand, *Tucker v. Northbrook Indem. Co.*, 2013 WL 5961095, *1 (N.D. Ala. Nov. 7, 2013); *Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013); and *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012). However, "other courts within the Eleventh Circuit have recently characterized the cases on which Ford relies in support of the proposition as an unpersuasive minority view. See, e.g., *Bennett v. Williams,* 2017 WL 3781187 *2, (N.D. Ala. Aug. 31, 2017) ("Defendants' burden-shifting argument ignores *Dart Cherokee*'s removal inquiry and Eleventh Circuit precedent."); *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1368 (S.D. Ala. 2018) ("*Smith* constitutes a distinctly minority view in this Circuit."); *Brown v. Ford Motor Co.*, No. 2:19CV159-SRW, 2019 WL 4072404, at *4 (M.D. Ala. Aug. 28, 2019) ("The cases Ford cites in support are not precedential and do not bind this court, and the proposition itself flies directly in the face of the holdings of *Dart Cherokee*, *supra*, and *Leonard*, *supra*, regarding the burden faced by a removing defendant opposing a motion for remand."); *Krikorian v. Ford Motor Co.*, No. CV 1:19-00582-KD-N, 2019 WL 7042939, at *4 (S.D. Ala. Nov. 6, 2019) ("As Krikorian correctly notes, other Alabama federal judges have found the *Smith* line of cases unpersuasive, including at least three judges of this district."); *Watts v. SCI Funeral Servs., LLC*, No. 2:19-CV-01219-JHE, 2020 WL 1310559, at *4 (N.D. Ala. Mar. 18, 2020) ("The undersigned also declines to follow these cases, and will instead place the burden where binding precedent says it belongs: on Defendants."); and *Jessie L. Blount, Plaintiff, v. The Coe Manufacturing Co., Defendant.*, No. CV 20-0182-WS-N, 2020 WL 1866190, at *2 (S.D. Ala. Apr. 14, 2020) ("These cases have "routinely been criticized and rejected."). Finally, on page eleven (11) of its opposition, Ford cites a *pro se* case, *Seckel v. Travelers Home & Marine Ins. Co.*, No. 4:12-CV-4163-KOB, 2013 WL 360421 (N.D. Ala. Jan. 29, 2013). Because it cites the

much-maligned *Smith v. State Farm Fire & Cas. Co.,* line of cases, the *Seckel* opinion should be given the same weight as the other cases in that line.

For this Court to have jurisdiction, the MMWA claims, standing alone, must have a potential value of over $50,000, and state law claims shall be excluded. See *Ansari v. Bella Auto. Grp., Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998) ("We are also [in] agreement with the Fifth Circuit that the amount in controversy for purposes of Act § 2310(d)(3)(B) does not include damages flowing from any pendent state law claim brought by a plaintiff."). To be sure, the truck at issue did cost almost $70,000, but that does not mean that the value of the MMWA claim exceeds the jurisdictional amount. The Court in *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058 (5th Cir. 1984) explained that "§ 2311(b)(2) sets up a dichotomy between personal injury claims based on a breach of the substantive provisions of §§ 2308 and 2304, which are cognizable under the MMWA, and personal injury claims based only on a breach of warranty, which are *not* cognizable under the MMWA." *Id* at 1065–66. See also *Oliver v. Homes of Legend, Inc.*, No. CIV.A.00-W-148-S, 2000 WL 1092130, at *2 (M.D. Ala. Apr. 17, 2000) ("The court concludes, based on the court's analysis in *Boelens,* that plaintiff may not recover emotional distress damages under the MMWA for breach of warranty and, thus, that defendant has not met its burden of establishing that the requisite amount is in controversy on this claim."). "The fact that the Plaintiffs may recover, and indeed seek to recover, more than $50,000 on their state law claim for breach of warranty is also irrelevant in determining the existence of federal jurisdiction. *Grant* supra at 229 F. Supp. 2d 1332, 1338 (M.D. Ala. 2002). "The jurisdictional amount of $50,000 can only be met by a claim for economic loss damages under the MMWA." *Id*.

Besides, punitive damages are not available under the MMWA. See *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1299–300 (11th Cir. 1999) ("The purchasers could not recover

punitive damages if they prevailed on their Magnuson–Moss Act breach of warranty claims."). See also, *Day v. Kia Motors Am., Inc.*, No. 2:16-CV-01028-JHE, 2017 WL 264459, at *3 (N.D. Ala. Jan. 20, 2017) ("Under Alabama's version of Uniform Commercial Code, punitive damages are not recoverable for a breach of warranty claim under MMPWA, and therefore, punitive damages were not to be included in determining whether her MMPWA claim satisfies the amount-in-controversy requirement.").

Even if plaintiffs prevailed and they were entitled to rescind the transaction the amount in controversy is still not met because "Appellate courts have recognized that a plaintiff who revokes acceptance and receives a refund of the purchase price under the MMWA must surrender possession of the good to the seller and must afford the seller a credit for the value that the purchaser received from his use of the good while it was in his possession." *Hill v. River Birch Homes, Inc.*, No. CIV.A. 07-0136-WSB, 2007 WL 858412, at *4 (S.D. Ala. Mar. 15, 2007).

Finally, the court in *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405–06 (7th Cir. 2004) aptly explained how damages under the MMWA are calculated saying:

> If the district court were to determine that Schimmer could revoke his acceptance of the car and receive a refund of the purchase price, then Jaguar would also be entitled to re-take possession of the car (now worth only $54,013.00, as explained below). In addition, Jaguar would also be entitled to a credit for the value Schimmer received from his use of the car while it was in his possession. Hence, Schimmer's true money damages—and concomitantly, the true amount in controversy—would *406 equal only the difference between the price of the new car and the worth of the allegedly defective car, reduced by his beneficial use of the defective car. Jaguar could not lose $69,513, any more than Schimmer could gain that amount.

*Id.* at 405–06.

## CONCLUSION

For the reasons stated above, this Court should grant the Plaintiffs' Motion to remand this case back to the Circuit Court of Baldwin County, Alabama.

5

Respectfully submitted this 24th day of April 2020.

                                        */s/ Earl P. Underwood, Jr.*
                                      **EARL P. UNDERWOOD, JR. (UND008)**

**OF COUNSEL:**
**UNDERWOOD & RIEMER, PC**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Telephone: (251) 990-5558**
**Facsimile: (251) 990-0626**
epunderwood@alalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all counsel of record.

                                        */s/ Earl P. Underwood, Jr.*
                                      **EARL P. UNDERWOOD, JR. (UND008)**